E-FILED
Thursday, 04 October, 2007  10:23:24 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 07-20042** |
| | ) | |
| **GREGORY A. GLOSSER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## OPINION

On April 4, 2007, Defendant Glosser was charged by indictment with attempting to possess 500 grams or more of methamphetamine with the intent to distribute it in violation of 21 U.S.C. Sections 841(a)(1) and (b)(1)(B).  This matter is currently set for a final pretrial conference on October 10, 2007, and a jury trial commencing October 29, 2007.  In anticipation of trial, the parties have filed several motions.  After a careful review of the parties' motions and the responses to those motions, the court rules as follows.

### 1.  Defendant's Motion to Dismiss Indictment

On September 26, 2007, Defendant filed a Motion to Dismiss Indictment (#15) arguing that the indictment in this matter should be dismissed based upon prosecutorial misconduct.  Specifically, Defendant argues the Government falsely represented to Magistrate Judge Bernthal at the time of the presentation of the criminal complaint in this matter that Defendant possessed methamphetamine when he actually possessed two packages of duct tape which were made to look like

methamphetamine.  Defendant therefore assumes the Government likewise misled the grand jury in this matter because the Government misled Magistrate Judge Bernthal.

The record in this case does not support Defendant's assertions in his motion.  The affidavit of Officer Jeffrey Endsley of the Eastern Illinois University Police Department attached to the Criminal Complaint (#1) presented to Magistrate Judge Bernthal indicates that "agents arranged for the CS to meet with Glosser to deliver two packages of look-alike drugs that Glosser believed contained 'ice' (methamphetamine)."  There is nothing in the record to indicate that any information to the contrary was presented to grand jury.  The fact that Defendant was charged with attempted rather than actual possession of a controlled substance with the intent to deliver supports this conclusion.  Accordingly, Defendant's Motion to Dismiss Indictment (#15) is DENIED.

## 2.  Defendant's Motion in Limine

In his Motion in Limine (#14), Defendant seeks to bar the introduction of evidence of statements allegedly made by the Defendant to investigators that he had purchased drugs on occasions not charged in the indictment.  Defendant argues this evidence would be "highly prejudicial," particularly in light of the fact that he was not charged with conspiracy.  In its Response (#16), the Government indicates that on March 8, 2007, agents of the DEA and the East Central Illinois Task Force used a confidential informant to record a conversation with Defendant Glosser in which Defendant Glosser discussed obtaining methamphetamine from the confidential informant's source who is located in Tulsa, Oklahoma.  During the discussion, Defendant Glosser allegedly made statements that he was involved in selling drugs, claimed to be in possession of firearms, and discussed transporting them or selling them to the source in Tulsa.  The Government further indicates that on March 15, 2007, agents again used the confidential informant to record a

conversation in which Defendant Glosser discussed obtaining methamphetamine from the confidential informant and selling it.  Defendant Glosser was then videotaped obtaining what Defendant Glosser allegedly believed was one and one-half pounds of methamphetamine from the confidential informant.  Defendant was then arrested.  The Government asserts that in a subsequent interview with Defendant Glosser by agents, Defendant Glosser admitted that the confidential informant had brought distribution amounts of methamphetamine on three separate occasions to Defendant and that Defendant had deposited money in the confidential informant's bank account to pay for the methamphetamine.

Federal Rule of Evidence 404(b) prohibits the use of evidence of other bad acts to show that a defendant has a propensity to commit a crime and that he acted in accordance with that propensity on the occasion in question.  United States v. Chavis, 429 F.3d 662, 667 (7th Cir. 2005).  Such evidence can be admitted, however, if it is offered for purposes other than showing propensity, such as to establish intent, knowledge, lack of mistake, motive, or opportunity.  Chavis, 429 F.3d at 667.  A four-part standard governs the admissibility of evidence under Rule 404(b):

> (1) the evidence [must be] directed toward a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence [must] show[] that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence [must be] sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence [must] not [be] substantially outweighed by the danger of unfair prejudice.

Chavis, 429 F.3d at 667, quoting United States v. Best, 250 F.3d 1084, 1090-91 (7th Cir. 2001).

As to first prong this test, the Seventh Circuit has stated that the most obvious situation in which prior drug activity is relevant to prove the defendant's intent in a subsequent prosecution for possession of drugs with the intent to distribute is one "in which the defendant, while admitting possession of the substance, denies the intent to distribute it." United States v. Jones, 455 F.3d 800, 808 (7th Cir. 2006). In the instant case, the Government must demonstrate that Defendant Glosser had the intent to deliver the methamphetamine to another person. See 21 U.S.C. § 841(a)(1). It appears to the court, based upon the representations of the Government, that the primary issue in this trial will be whether Defendant intended to deliver methamphetamine to another person. The Government indicates that it has a videotape of Defendant taking possession of what he allegedly believed was methamphetamine and was arrested after officers observed Defendant throw the purported methamphetamine to the ground. Accordingly, because proof of Defendant's intent to distribute the substance he was receiving from the confidential informant will likely be the central issue at trial, the Government has satisfied the first prong of the test.

As concerns the second prong of the test, the acts described in the statements made by Defendant Glosser are significantly similar to the offense charged in the instant case. Defendant Glosser allegedly stated that he obtained distribution amounts of methamphetamine from the same confidential informant in the months preceding Defendant's arrest. As concerns the third prong of the test, the Defendant's own statements against his interest are substantial evidence that Defendant committed the acts which he described. Finally, the probative value of the evidence is not substantially outweighed by the prejudicial effect. Unlike many cases in which the issue of 404(b) arises, the Government does not seek to introduce a prior conviction for a similar offense, but rather

-4-

the Defendant's statements that he committed a similar offense.  In addition, to prevent any unfair prejudice this court will give the jury an appropriate limiting instruction indicating this evidence should only be considered on the issue of intent.  See United States v. Hurn, __ F.3d __, 2007 WL 2215765 at *3 (7th Cir. 2007).   Accordingly, this court will allow the admission of Defendant's statements regarding prior drug transactions with the confidential informant.

The Government further seeks to introduce statements made by Defendant regarding his possession of firearms.  Defendant's possession of firearms was legal and therefore the danger of prejudice is low.  Furthermore, the Seventh Circuit has stated that "firearms are recognized as tools of the drug trade; thus courts have sustained the admission of weapons evidence in narcotics cases because the possession of a weapon is often a hallmark of drug trafficking."  United States v. Duran, 407 F.3d 828, 838 (7th Cir. 2005).  Accordingly, this court agrees that evidence that Defendant possessed weapons at the time of the alleged drug transactions is relevant and admissible pursuant to Federal Rules of Evidence 402 and 403.  Therefore, Defendant's Motion in Limine (#16) is DENIED.

### 3.  Government's Motion in Limine

In its Motion in Limine, the Government seeks to bar Defendant from introducing at trial evidence regarding: (1) the background, conduct, character, credibility, or other impeachment evidence regarding the confidential informant in this case or (2) the manner of execution of a search warrant in this case.

With regard to the confidential informant, the Government indicates that agents recorded telephone calls between the confidential informant and Defendant to arrange for the attempted distribution at issue in this matter.  The Government indicates that agents also recorded and

videotaped in-person conversations between the confidential informant and Defendant during meetings on March 8, 2007, and March 15, 2007, in which the alleged methamphetamine transaction was discussed.  The Government states it will seek to introduce these tapes as evidence at trial, but will not call the confidential informant as a witness.  The Government further states it will seek to admit the confidential informant's statements on the tapes for the limited purpose of placing Defendant's statements in context and not for the truth of the matters asserted.  Therefore, the Government argues that any evidence the Defendant could introduce regarding the confidential informant's credibility is irrelevant.

In his Response, Defendant argues that the basis for his defense in this matter is that the confidential informant had stolen his property and that the only reason Defendant met with the confidential informant on March 8, 2007, and March 15, 2007, was to obtain his stolen property. This court agrees with the  Defendant that he should be able to present evidence as to the reason he was meeting with the confidential informant, including evidence that the confidential informant had stolen from Defendant.  The issue of whether the confidential informant stole property from the Defendant has a relevance independent from his credibility. Defendant asserts he was meeting with the confidential informant to obtain his stolen property and not to purchase methamphetamine. Therefore, Defendant will be permitted to present evidence regarding the alleged theft of Defendant's property by the confidential informant.  However, Defendant's ability to present this evidence will not be without limit.  The court will not allow the issue of whether the confidential informant stole Defendant's property to become a trial within a trial.  This may even be an issue on which the parties can enter a stipulation regarding the confidential informant's theft of Defendant's property.

As concerns impeachment evidence of the confidential informant, in United States v. Douglas, 408 F.3d 922, 926-27 (7th Cir. 2005), the Seventh Circuit affirmed a decision of this court barring the admission of impeachment evidence of a confidential informant where the credibility of the confidential informant was not in issue.  Assuming the evidence at trial comes in as represented by the Government, this court finds that impeachment evidence of the confidential informant would be irrelevant and inadmissible.  The Government indicates, like the situation presented in Douglas, it will be presenting the recordings of Defendant's conversations with the confidential informant during which Defendant allegedly sought to obtain methamphetamine, will present the testimony of agents regarding the incidents recorded, and will not call the confidential informant as a witness. The court will instruct the jury that the confidential informant's statements or questions on the recordings are hearsay and cannot be considered for the truth of any matter asserted.  See United States v. McClain, 934 F.2d 822 (7th Cir. 1991).  Under these circumstances, the court finds that impeachment evidence of the confidential informant, other than the independently relevant evidence of whether the confidential informant stole Defendant's property, is irrelevant and inadmissible.

The Government further seeks to bar the admission of evidence concerning what happened when agents executed a state court issued search warrant at Defendant's residence several hours after Defendant was arrested.  The Government indicates that no evidence it intends to use at trial was obtained during the execution of this warrant.  This court agrees that the manner of the execution of the warrant would therefore not be relevant to any issue at trial and will be excluded at trial.

Accordingly, the Government's Motion in Limine (#13) is GRANTED in part and DENIED in part.  Defendant will be permitted to present limited evidence that the confidential informant stole

his property because this evidence is relevant to the issue of the purpose for Defendant meeting with the confidential informant.  However, assuming the confidential informant is not called as a witness by the Government, Defendant will not be permitted to present additional evidence of an impeaching nature regarding the confidential informant.  Furthermore, Defendant will not be permitted to present evidence regarding the manner of the execution of the search warrant at Defendant's residence on March 15, 2007.

IT IS THEREFORE ORDERED:

(1)  Defendant's Motion to Dismiss Indictment (#15) is DENIED

(2)  Defendant's Motion in Limine (#14) is DENIED.

(3) The Government's Motion in Limine (#13) is GRANTED in part and DENIED in part.

(4) This case remains set for a final pretrial conference on October 10, 2007, at 11:00 a.m. and a jury trial commencing October 29, 2007, at 9:00 a.m.

ENTERED this 4th day of October, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE